UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DORSHANNE G.**

                       **Plaintiff,**

    -v-                                                                  Case No. 5:17-CV-00911

**COMMISSIONER OF SOCIAL SECURITY,**

                       **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

## I.    INTRODUCTION

Plaintiff Dorshanne G. brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), for review of a final determination by the Commissioner of Social Security denying her application for benefits. Plaintiff alleges that the Administrative Law Judge's decision denying her application was not supported by substantial evidence and was contrary to the applicable legal standards. Pursuant to Northern District of New York General Order No. 8, the Court proceeds as if both parties had accompanied their briefs with a motion for judgment on the pleadings.

## II.    BACKGROUND

On November 19, 2013, Plaintiff protectively filed an application with the Social Security Administration for benefits under Title II and Title XVIII of the Social Security Act.

1

Tr. 198.[1] Plaintiff, who was born on January 10, 1963, alleged a date of disability of November 15, 2013. *Id.* In her application, Plaintiff alleged disabilities based on "neck problems; cervicalgia; bursae & tendon disorders; pain joint left shoulder, rotator cuff capsule; c 3-4 narrowing of discs, c 5-6 disc bulge; degenerative bilateral stenosis, pinched nerves; hypothyroidism; high blood pressure; carpal tunnel syndrome both hands; depression; and obesity." Tr. at 259. The claim was initially denied and Plaintiff timely appealed for review by an Administrative Law Judge.

On November 5, 2015, a hearing was conducted before the Hon. Julia Gibbs, Administrative Law Judge for the Social Security Administration. The ALJ engaged in the five-step analysis required by 20 C.F.R. § 416.920(a) to determine whether Plaintiff qualifies for disability benefits. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from November 15, 2013, her alleged onset date, through December 31, 2015, her date last insured for disability benefits. Tr. 22. At step two, the ALJ found that Plaintiff's degenerative disc disease of the cervical spine, shoulder impairment, and bilateral carpal tunnel syndrome constituted severe impairments. Tr. 23. The ALJ then proceeded to step three and found Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment in Appendix 1 of 20 C.F.R. Subpart P. Tr. 24-25. Next, based on a review of the entire record, the ALJ set forth a residual functional capacity (RFC) finding. Tr. 25. Specifically, the ALJ found based on the evidence of record, that Plaintiff could perform light work as defined on 20 C.F.R. § 404.1567(b) except

---

[1]The Administrative Transcript is found at Dkt. No. 9. Citations to the Administrative Transcript will be referenced as "Tr." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

2

such work could not require the rapid rotation of the neck, raising of her arms above the shoulder, repetitively or constantly using her hands for fingering and grasping, and more than occasional bending and stooping. Tr. 25-32. The ALJ found in Plaintiff's favor at step four that she could not perform any past relevant work. Tr. 32. At step five, based on Plaintiff's vocational characteristics and vocational expert testimony, the ALJ determined Plaintiff could perform work in the national economy and therefore, was not disabled under the Act. Tr. 32-34.

Plaintiff timely appealed the determination by request for review by the Appeals Council, which was subsequently denied on July 12, 2017. This litigation followed.

## III.    STANDARD OF REVIEW

The Court's review of the Commissioner's determination is limited to two inquiries. See 42 U.S.C. § 405(g). First, the Court determines whether the Commissioner applied the correct legal standard. See Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998); Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990); Shane v. Chater, No. 96-CV-66, 1997 WL 426203, at *4 (N.D.N.Y July 16, 1997)(Pooler, J.)(citing Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)). Second, the Court must determine whether the Commissioner's findings are supported by substantial evidence in the administrative record. See Tejada, 167 F.3d at 773; Balsamo, 142 F.3d at 79; Cruz, 912 F.2d at 11; Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). A Commissioner's finding will be deemed conclusive if supported by substantial evidence. See 42 U.S.C. § 405(g); see also Perez, 77 F.3d at 46; Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)("It is not the function of a reviewing court to determine *de novo* whether a Plaintiff is

disabled. The [Commissioner's] findings of fact, if supported by substantial evidence, are binding.")(citations omitted). In the context of Social Security cases, substantial evidence consists of "more than a mere scintilla" and is measured by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)). Where the record supports disparate findings and provides adequate support for both the Plaintiff's and the Commissioner's positions, a reviewing court must accept the ALJ's factual determinations. See Quinones v. Chater, 117 F.3d 29, 36 (2d Cir. 1997)(citing Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)); Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990). Although the reviewing court must give deference to the Commissioner's decision, a reviewing court must bear in mind that the Act is ultimately "'a remedial statute which must be 'liberally applied;' its intent is inclusion rather than exclusion.'" Vargas v. Sullivan, 898 F.2d 293, 296 (2d Cir. 1990)(quoting Rivera v. Schweiker, 717 F.2d 719, 723 (2d Cir. 1983)).

## IV.    DISCUSSION

Plaintiff asserts that the ALJ erred because she failed to inquire or resolve an apparent conflict between occupational evidence that the Vocational Expert ("VE") provided and the occupational information supplied by the Dictionary of Occupational Titles ("DOT") regarding Plaintiff's ability to reach above her shoulders.

### a. Vocational Expert's Testimony & and the ALJ's Determination

As indicated above, the ALJ's RFC finding was that Plaintiff could perform light work

4

as defined on 20 C.F.R. § 404.1567(b) except such work could not require the rapid rotation of the neck, raising of her arms above the shoulder, repetitively or constantly using her hands for fingering and grasping, and more than occasional bending and stooping.  "To determine the extent to which [Plaintiff's] limitations erode the unskilled light occupational base, through the date last insured, the Administrative Law Judge asked the vocational expert ("VE") whether jobs existed in the national economy for an individual with the claimant's age, education, work experience and residential functional capacity."  Tr. 33 (ALJ Decision); *see id.* 106 (transcript of testimony at ALJ hearing).  In this regard, the ALJ posed her initial hypothetical question to the VE as follows: "I'm looking for light jobs that do not require raising the arms above shoulder level and no rapid rotation of the neck. . . . Oh, but no repetitive use of the hands for [inaudible].  Infrequent use of the hands would be okay.  She's doing that in her current job, but no repetitive or constant use of the hands.  Are there any jobs that fit that hypothetical?" Tr. 106.  The VE responded in the affirmative, and testified that there were three light unskilled position available in the national economy that Plaintiff could perform, namely merchandise marker (DOT # 209.587-034), cashier (DOT 211.462-010), and inspector (DOT 683.487-010).  Tr. 33; id. 106-07.  Plaintiff's attorney then questioned the VE whether these jobs would be available to an individual who could turn her head only occasionally and who could not hold her head in a static position for more than 30 to 60 minutes. Tr. 110-12.   "The vocational expert stated that that limitation is not addressed in the Dictionary of Occupational Titles, and that he based his answer on professional experience.  He stated that jobs would not be available to an individual who would could only move her head occasionally."  Tr. 33; see also id. at 113-14.  The ALJ found, however, that Plaintiff's medical records did not support such a limitation. Tr. 33.

5

Plaintiff's counsel then asked the VE whether the available jobs could be performed by an individual who could only occasionally use her hands, reach, bend, and stoop. Tr. 33; id. at 114. The VE testified that with those additional limitations there would be no available jobs at the light unskilled level. Id. at 114. The ALJ then asked the VE whether the jobs he listed required more than occasional bending and stooping, to which he answered in the negative. Id. at 115; see id. at 33.[2]

The ALJ concluded:

Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. As discussed [in the ALJ Decsion], the vocational expert stated that the Dictionary of Occupational Titles did not include information concerning movement of the head on the job, and that he based his response to *that* question on professional experience.

Based on the testimony of the vocational expert, the undersigned concludes that, through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

Id. at 33-34 (emphasis in original).

### b. Possible Conflict Between VE Testimony and the DOT

"The ALJ may rely on a VE's testimony regarding the availability of work as long as the hypothetical facts the expert is asked to consider are based on substantial evidence and accurately reflect the plaintiff's limitations." Reisinger v. Comm'r of Soc. Sec., No. 7:16-CV-428 (ATB), 2017 WL 2198965, at *9 (N.D.N.Y. May 18, 2017) (citing Calabrese v.

---

[2] ("The claimant's counsel asked the vocational expert if the representative jobs cited above would be available to an individual who could only occasionally use her hand reach, bend, and stoop. The vocational expert stated that the representative jobs cited above would not be available to such an individual. However, the vocational expert stated that the representative jobs cited above do not require more than occasional bending or stooping.").

Astrue, 358 Fed. Appx. 274, 276 (2d Cir. 2009)).  "Where the hypothetical is based on an ALJ's RFC analysis, which is supported by substantial facts, the hypothetical is proper."  Id. (citing Calabrese, 358 Fed. Appx. at 276-277).  "In addition, Social Security Ruling ("SSR") 00-4p provides that a vocational expert's testimony should generally be consistent with the occupational information contained in the Dictionary of Occupational Titles."  Id.

As indicated, the RFC finding specifically limits Plaintiff to light work wherein "such work does not require an individual to raise her arms above shoulder level."  Tr. 25. According to the Selected Characteristics of Occupations ("SCO"), each of the occupations identified by the VE requires frequent reaching, which is broadly defined as extending arms and hands in any direction. See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("DOT"), App. C; SSR 85-15.  There is no distinction in the DOT between degrees or direction of reaching, *i.e.*, above the shoulder or above the head and other types of reaching such as forward or downward.  Plaintiff argues that given the broad definition of reaching, the VE's testimony regarding Plaintiff's ability to perform the three identified positions is potentially in conflict with the DOT's description of these jobs as requiring frequent reaching.  It is debatable whether the DOT's silence on an over-the-shoulder reaching requirement constitutes a potential conflict with the VE's testimony, but the intent of the Act is inclusion rather than exclusion.  Because the VE testified that Plaintiff could perform all of the functions of the three identified positions even with her above-the-shoulder reaching limitation yet the DOT classification for these positions require undefined reaching capabilities, the Court finds that an apparent conflict exists.  See Bevens v. Colvin, No. 5:13-CV-0470 LEK, 2015 WL 5750083, at *10 (N.D.N.Y. Sept. 30, 2015)("Here, there was an apparent conflict between VE Haller's testimony that

Plaintiff could perform occupations requiring frequent reaching and the ALJ's RFC assessment limiting Plaintiff to work requiring only occasional reaching.")(citing Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (finding conflict where ALJ asked VE for work that required only occasional reaching and VE named occupation that required frequent reaching)).

"When there is an apparent unresolved conflict between VE or [vocational specialist ("VS")] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000). Thus, "'[w]hen a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT.'" Brodbeck v. Astrue, No. 5:05-CV-0257, 2008 WL 681905, at *9 (N.D.N.Y., Mar. 7, 2008)(quoting SSR 00-4p); see also Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007)(holding that the ALJ must first determine whether a conflict exists and, if it does, the ALJ must then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT). "This includes apparent conflicts with the 'companion publication' to the DOT, the Selected Characteristics of Occupations." Bevens, 2015 WL 5750083, at *10 (citing SSR 00–4p).

> The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony. [*Massachi*, 486 F.3d at 1153]. If a conflict exists between the evidence provided by the expert and the DOT, the ALJ must determine whether the expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT. [*Id.*]

Brodbeck, 2008 WL 681905, at *9.

8

While the ALJ's initial hypothetical question to the VE included the limitation of raising the arms above shoulder level, the ALJ did not inquire whether there was a possible conflict between the VE's assessment that Plaintiff is capable of performing the functions of the three identified occupations and the DOT's "reaching" definition.  Importantly, the VE did not testify that the three identified occupations, although requiring frequent reaching, never required reaching above shoulder level.

Furthermore, the ALJ did not ask whether the VE's affirmative response to the ALJ's initial hypothetical question was based on his professional experience and knowledge of the requirements of the identified occupations, or on DOT classifications. See Jasinski v. Barnhart, 341 F.3d 182, 185 (2d Cir. 2003)("Whereas the [DOT] describes jobs as they are generally performed, an expert is often called upon to explain the requirements of particular jobs, and as such, his deviations from the [DOT] in such testimony do not actually 'conflict' with the [DOT]. Many specific jobs differ from those jobs as they are generally performed, and the expert may identify those unique aspects without contradicting the [DOT]."); Lockwood v. Comm'r of Soc. Sec., No. 6:16-CV-0648 (CFH), 2017 WL 2656194, at *6 (N.D.N.Y. June 20, 2017)("[T]he vocational expert in this case did note that there were inconsistencies [with the occupational information contained in the DOT] and indicated that her personal experience observing the identified jobs formed the bases for her testimony that Plaintiff remained able to perform those jobs despite some of those inconsistencies."); Reisinger v. Comm'r of Soc. Sec., No. 7:16-CV-428 (ATB), 2017 WL 2198965, at *10, n. 14 (N.D.N.Y. May 18, 2017)("[W]hen the DOT is silent [on a limitation], the VE's opinion may be based upon his or her own experience, and there is no 'conflict' to resolve.").  While the VE stated that, based on his professional experience and not a DOT classification, the cited

occupations require frequent movement of the head, the Court cannot presume, as the Commissioner would have it do, that the VE's opinion that Plaintiff was capable of performing the functions of the three identified positions even with her over-the-shoulder reaching limitation is based upon the VE's professional experience. To do so based on the existing record would circumvent the procedural requirements of SSR 00-4p.

It also important to note that the ALJ did not ask the "catch-all" question if any inconsistencies existed between the expert's testimony and the DOT. See Tr. 104-115; see also Robles v. Comm'r of Soc. Sec., No. 5:15-CV-1359, 2016 WL 7048709, at *6 (N.D.N.Y. Dec. 5, 2016) (remanding where the ALJ asked the vocational expert a "catch-all" question—whether there was "any conflict between her testimony and the occupational information contained in the D.O.T." – finding that this "catch-all" question was "insufficient to satisfy the ALJ's affirmative duty to resolve any conflicts pursuant to SSR 00-4p") (internal citations omitted); Bevens, 2015 WL 5750083, at *10 ("[T]he ALJ only asked a catch-all question as to the consistency of the VE's testimony with the DOT, to which VE Haller responded affirmatively."); Patti v. Colvin, No. 13–CV–1123, 2015 WL 114046, at *6 (W.D.N.Y. Jan. 8, 2015)("The ALJ's catch-all question to the vocational expert regarding any inconsistencies between the expert's testimony and the DOT does not satisfy the ALJ's duty to identify, explain, and resolve the conflicts between the expert's testimony and her decision.").

Because an apparent conflict exits between the VE's testimony that Plaintiff could perform all the functions of the identified positions and the DOT's characteristics of these positions, and the ALJ did not "elicit a reasonable explanation for the conflict before relying on the VE . . . evidence," SSR 00-4p, "the Court cannot determine whether substantial

evidence supports the ALJ's step five findings." <u>Bevens</u>, 2015 WL 5750083, at *10. Accordingly, the matter must be remanded so the ALJ can determine whether Plaintiff is capable of performing employment positions existing in the national economy with her specific RFC, including her over-the-shoulder reaching limitation.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is GRANTED and the Commissioner's motion for judgment on the pleadings is DENIED. The decision of the Commissioner is REVERSED and this case is REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for a determination consistent with this Decision and Order.

**IT IS SO ORDERED.**

Dated: September 25, 2018
       Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge